UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MARK DOUGLAS HAMIL**<br>    LA. DOC #130088<br>    CCC #52309<br>VS. | **CIVIL ACTION NO. 5:13-cv-0694**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **CHARLES REX SCOTT, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Mark Douglas Hamil, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 22, 2013. Plaintiff is a detainee at the Caddo Correrctional Center (CCC). He has been incarcerated since his arrest and booking on July 1, 2011, and he is awaiting trial on charges of Driving While Intoxicated, Fourth Offense and Driving Under Suspension that are pending in the First Judicial District Court, Caddo Parish. He is also being held on a parole violation warrant.[1] He claims that he was falsely arrested and imprisoned and maliciously prosecuted. He also complains about the conditions of confinement at the CCC. He sued the District Attorney, Charles Rex Scott, his retained attorney, William Nader and his court-appointed public defender, Allen Golden, and, Caddo Sheriff Steve Prator and his deputy Timothy Koobe. He prayed for "'video's' from Doc. No. #298013" and monetary damages from each defendant. In separate pleadings filed on April 25, 2013, he moved for a judgment of default. [Doc. 6] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be

---

[1] http://www.caddosheriff.org/inmates/

**DISMISSED WITH PREJUDICE.**

*Background*

On June 30, 2011, plaintiff was operating a motor vehicle in Caddo Parish. Deputy Jaime Hendrix of the Caddo Sheriff's Office effected a traffic stop. Deputy Koobe began to interrogate plaintiff concerning the amount of alcohol he had consumed. According to plaintiff he passed the basic sobriety test. Koobe then "got rough with [him] – shaking [his] head and moving [him] as if to cause [him] to seem 'drunk.'" Plaintiff refused a breathalyzer test but claims to have offered a blood test instead. (According to plaintiff, these events were recorded on video tape but the prosecution has refused to disclose the evidence despite plaintiff's repeated discovery requests.) In any event, plaintiff was booked into the CCC on charges of DWI Fourth Offense, Driving Under Suspension, and Parole Violation. On August 22, 2011, a preliminary hearing was convened and the Court determined that there was probable cause to hold plaintiff over for trial.

Plaintiff retained attorney William Nader to represent him. Plaintiff contends that Nader rendered ineffective assistance by failing to obtain the videos taken at the time of plaintiff's traffic stop and arrest and those taken at the substation where he was offered the breathalyzer test but refused and requested blood testing.

Plaintiff complained that D.A. Scott and his Assistants remain in constructive contempt of the Second Circuit Court of Appeal's January 2013 order to "dispose" of plaintiff's criminal charges. He claims that such action amounts to a malicious prosecution on their part since they willfully engaged in practices that undermined plaintiff's due process rights.

Plaintiff also claimed that Alan J. Golden, the director of the Caddo Public Defenders Office, caused his assistant Wayne Dishman to be ineffective for failing to obtain the exculpatory

videos mentioned above.

      Plaintiff claimed that Sheriff Prator is guilty of malfeasance and deliberate indifference in the following particulars: (1) housing 3 inmates in a 2 man cell; (2) overcrowded conditions; (3) housing violent offenders with non-violent offenders; (4) overcharging for telephone calls; (5) overcharging for commissary items such as ramen noodles; (6) collecting sales taxes on items sold in the commissary; and, (7) plaintiff is not allowed sufficient time in the law library to file pro se motions in his criminal trial.

      On April 25, 2013, plaintiff filed a Motion for Default Judgment claiming that Prator and Scott are withholding exculpatory evidence – namely the video tapes mentioned above. He also claims that they continue to be in violation of an order of the Second Circuit Court of Appeals directing prompt resolution of the case. In conjunction with the motion plaintiff filed copies of various *pro se* pleadings he has filed in the First Judicial District Court and the Second Circuit Court of Appeals.[2]

---

[2] 1. A Motion for Dismissal filed on August 21, 2012. Therein plaintiff claimed that his arrest was without probable cause and the evidence adduced at the preliminary hearing on August 22, 2011 could be refuted by the video tapes taken at the time of the arrest. Plaintiff also claimed that Koobe violated C.Cr.P. art. 230.2 by failing to establish probable cause within 48 hours of plaintiff's arrest and waiting until August 22, 2011 to do so at the preliminary hearing. Plaintiff claimed that at the hearing, Koobe acknowledged that while plaintiff refused the breathalyzer test, he did agree to a blood test to determine blood alcohol levels. He also alleged that the State was in violation of the law requiring production of exculpatory evidence and of his right to a speedy trial as guaranteed by Louisiana law.

2. Applications for writs and supporting memoranda filed in the Second Circuit Court of Appeals on November 14, 2012, all of which accused the arresting officer of perjury and malfeasance as well as assault; he also urged his claim that the videos would provide exculpatory evidence with regard to the field sobriety test and the alleged refusal to submit to a breathalyzer examination.

3. The January 3, 2013 order of the Second Circuit Court of Appeals consolidating cases 48,013-KH and 48,060-KH. The order notes that the writ applications seek review of the trial court's

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

---

February 27, 2012, order which denied plaintiff's motion to dismiss, his motion to compel discovery, and his writ of habeas corpus. The court denied writs as untimely. The Court did grant writs and remand to the District Court to resolve plaintiff's Motion for Dismissal and his motion for production of the transcript of the preliminary hearing. The Court directed the District Court to act on any pending motions and to advise the appeals court of any dispositions.

4. The March 26, 2013, order of the Second Circuit Court of Appeals under Docket Number KH 12-48013 directing the District Court to comply with the previous order within 30 days.

*2. Prosecutorial Immunity*

Plaintiff claims that he is entitled to damages from Caddo Parish District Attorney Charles Scott and one or more of his assistants because they have withheld exculpatory evidence (video tapes) and, because they are in contempt of an order of the Louisiana Second Circuit Court of Appeals.

Those claims are barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against Scott and the unnamed Assistant District Attorneys is based on their conduct as the State's advocates and they are thus entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial); *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003) (Prosecutor who allegedly told witness to falsely implicate plaintiff in a homicide and coached him how to testify was acting as an advocate and not an investigator and therefore was entitled to absolute prosecutorial immunity.)

Plaintiff's complaint, insofar as it seeks money damages from the District Attorney and his Assistant District Attorneys must therefore be dismissed since the defendants are absolutely immune.

*3. State Actors*

Plaintiff's claim against his retained attorney, William Nader, and his court-appointed public defender, Allen Golden, fares no better, but for a different reason. Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Neither his retained counsel nor the court-appointed public defender, are "state actors" and neither can be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Consequently, plaintiff's claims against these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

*4. Limitations – False Arrest and Imprisonment*

Plaintiff claims that he was falsely arrested for DWI Fourth Offense on June 30, 2011, and that he was thereafter falsely imprisoned on that and other charges. He also alleged that a probable cause determination, which, under Louisiana law was required within 48 hours of his arrest, was not made until August 22, 2011, when a preliminary hearing was convened and the trial court determined that probable cause existed for the plaintiff's arrest and imprisonment.

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of

a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff's false arrest and imprisonment claims thus accrued on August 22, 2011 when, following a preliminary hearing, the trial court determined that there was probable cause to arrest and prosecute the plaintiff on charges of DWI Fourth Offense. *Compare Villegas v. Galloway*, 2012 WL 45417 (5th Cir.

2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued in 2003, when a magistrate judge found probable cause to detain Villegas pending trial.")

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year, or until August 22, 2012, at the latest, to file his civil rights complaint claiming false arrest/imprisonment in violation of his Fourth and Fourteenth Amendment rights. Plaintiff's complaint was filed on March 22, 2013, well beyond the expiration of the 1-year period of limitations, and therefore the complaint should be dismissed as frivolous.

### 5. *Conditions of Confinement at Caddo Corrections Center*

Finally, plaintiff faulted Sheriff Prator for various conditions of confinement he is exposed to during his detention at the CCC. Plaintiff claimed that Sheriff Prator is guilty of malfeasance and deliberate indifference in the following particulars: (1) overcrowded conditions; (2) housing violent offenders with non-violent offenders; (3) overcharging for telephone calls; (4) overcharging for commissary items such as ramen noodles and, collecting sales taxes on items sold in the commissary; and, (5) plaintiff is not allowed sufficient time in the law library to file pro se motions in his criminal trial.

#### A. *Overcrowding*

Plaintiff complains that cells designed to house 2 inmates are housing 3. The plaintiff

attacks in general the conditions of pretrial confinement, specifically overcrowding. Therefore, the Court must apply the test announced by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) and *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir.1996) (*en banc*). Under this test, the Court must "determin[e] whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word." *Bell*, 441 U.S. at 538. The test requires a court to determine whether "the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* (citing cases). In order to determine whether the condition is a punishment, and therefore unconstitutional, the court must determine whether the "particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective." *Id.* at 539. If it is, the condition or restriction does not amount to unconstitutional "punishment." *Id.* "Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* As is shown more fully below, none of plaintiff's conditions of confinement claims have been shown to be arbitrary or purposeless or unrelated to legitimate goals. At worst, plaintiff has been exposed to a various inconveniences and not punishment.

     Plaintiff complained of over crowding. Of course, overcrowded conditions can, in some instances, be violative of the Constitution. *Bell*, 441 U.S. at 542, 99 S.Ct. at 1875. In order to determine whether "overcrowding" amounts to a constitutional violation, the court must examine "... the length of time an individual detainee must spend in a confined area both ultimately and on

a daily basis, and the adequacy of the given sleeping space." *See id.* at 543, 99 S.Ct. at 1876. Here, plaintiff does not allege overcrowding sufficient to establish a Constitutional claim. Plaintiff was exposed at worst, to the housing of one additional prisoner per cell and he alleged no particular harm arising from those conditions. His overcrowding claim is clearly frivolous.

### B. Housing Violent and Non-violent Offenders

Plaintiff also complained that violent and non-violent offenders are housed together. The confinement of pretrial detainees with convicted prisoners is not per se unconstitutional. *Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir.1981). So long as such practice is not indiscriminate and is "reasonably related to the institution's interest in maintaining jail security," *Bell* 441 U.S. at 531, or "even if the physical facilities do not permit their separation, the practice survives constitutional scrutiny." *Compare Barnes v. Virgin Islands*, 415 F.Supp. 1218, 1235 (D.V.I.1976); *Hamilton v. Landrieu*, 351 F.Supp. 549, 552 (E.D.La.1972). Plaintiff offers no facts to substantiate his conclusory allegation that violent offenders are housed indiscriminately with non-violent detainees. More importantly, he has not alleged any injury or harm resulting from the alleged practice.

### C. Overcharging for Telephone Calls, Commissary Supplies, and Charging Sales Tax

Plaintiff also complains that the prison commissary charges too much for items; that it is not authorized to collect sales tax on inmate purchases; and, that telephone privileges are costly. He implies that these policies are unconstitutional but does not explain how he arrives at such a conclusion. To the extent that the policies described violate Louisiana Law, such a contention fails to state a claim for which relief may be granted. Section 1983 provides relief for invasions of rights protected under federal law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,

526 U.S. 687, 709, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1997). To establish liability under 42 U.S.C. § 1983, a civil rights plaintiff must establish two elements: (1) state action, i.e., that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir.2002). Plaintiff does not demonstrate a violation of the constitution or laws of the United States and therefore his claim must be dismissed as frivolous. The *de minimis* nature of these claims warrants dismissal as frivolous.

### D. Access to Courts

Finally, plaintiff implies that he is denied his right to access the courts by virtue of the limited amount of time he is allowed to spend in the prison law library. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document

to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff's pleadings have not demonstrated that his ability to prepare and transmit necessary legal documents to this court, the First Judicial District Court, or the Second Circuit Court of Appeals, has been curtailed.

Further, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading. While plaintiff has implied that he suffered prejudice as a result of the inadequacies of the prison library, he has not demonstrated actual and specific prejudice as required by the jurisprudence.

Further with regard to his claim that he has been denied the opportunity to prepare for the trial of pending criminal charges, or to file pre-trial motions, he likewise fails to state a claim for which relief may be granted. In *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.1981) the Fifth Circuit held that in the absence of extraordinary circumstances, a criminal defendant represented by counsel does not have a constitutional right to file every *pro-se* motion he wants to file in addition to his attorney's motions. In *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) the Fifth Circuit held that even an inmate who was offered but rejected the assistance of his court-appointed attorney "had no constitutional right to access a law library in preparing the

*pro-se* defense of his criminal trial."

In other words, providing, or even offering to provide, legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (relying on *Bounds v. Smith*, 430 U.S. at 830, 97 S.Ct. 1491. In Louisiana, indigent defendants are entitled to and are routinely offered representation by public defenders throughout all of the stages of the prosecution, including pre-trial, post-trial, and appeals. Plaintiff was not constitutionally entitled to access the law library with regard to any pending charges. Further, even if he was entitled to such access, he has not shown prejudice resulting from the failure of the defendants to permit unlimited access.

Plaintiff has not been denied access to the courts either with regard to the litigation of this *pro se* civil rights complaint or with regard to his pending criminal charges. Plaintiff's access to courts claim fails to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against defendants who are immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 10, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE